UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00320-FDW

| WAYNE E. BUCKLES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff, apparently proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security's (the "Defendant" or "Commissioner") denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). For the reasons set forth below, this matter is dismissed with prejudice.

**PROCEDURAL HISTORY**

On January 7, 2014, Plaintiff filed this action for judicial review of the unfavorable decision by the Administrative Law Judge (the "ALJ"). (Doc. No. 1). On June 16, 2014, in response to Plaintiff's Motion for Change of Venue (Doc. No. 9), United States District Court Judge for the District of Colorado, Judge John L. Cane, ordered this case to be transferred to the Western District of North Carolina (Doc. No. 10), and the case was assigned to the undersigned. Thereafter, on July 16, 2014, Defendant Commissioner filed her answer to Plaintiff's Complaint. (Doc. No. 15). Consequently, on July 18, 2014, the Court entered a text only order setting September 16, 2014 as the deadline for Plaintiff to file a motion for summary judgment.

Additionally, due to Plaintiff's counsel's failure to associate local counsel and file a motion pro hac vice, despite repeated notices issued by the Court to do so, Plaintiff's counsel was terminated from this case on August 22, 2014. According to the terms of the Court's July 28, 2014 Order, the Court then proceeded under the assumption that Plaintiff was proceeding *pro se* in this matter. (Doc. No. 17).

On October 20, 2014, noting that the deadline for Plaintiff to file his motion for summary judgment had passed, the Court issued an order to Plaintiff to show cause why its Complaint against Defendant should not be dismissed for failure to prosecute. (Doc. No. 18). On October 27, 2014, Plaintiff responded to the Court's order with a letter informing the Court that Plaintiff found counsel to represent him in this matter and requesting additional time for counsel to review the case. (Doc. No. 19). On review of the record, the Court found that Plaintiff had failed to abide by the Court's July 28, 2014 Order, which instructed Plaintiff to retain counsel admitted to practice in North Carolina and to file a Notice of Appearance thereof within twenty-one (21) days of the Order. (Doc. No. 20). Thus, in light of Plaintiff's request for additional time for an undisclosed attorney to review the case, the Court noted that nearly three months had passed since the Court's deadline for Plaintiff to retain counsel in this matter. (Doc. No. 20). Accordingly, while acknowledging that Plaintiff's *pro se* status is insufficient *per se* to excuse his failure to comply with the Court's rules, the Court nonetheless afforded Plaintiff with yet another opportunity to prosecute his case by ordering Plaintiff to show cause, by November 17, 2014: (1) why Plaintiff failed to retain counsel, as directed in the Court's Order of July 28, 2014 (Doc. No. 17); (2) why Plaintiff failed to file his motion for summary judgment by the deadline provided in the Court's text-only Order entered on July 18, 2014; and (3) why Plaintiff's alleged new counsel has not responded to the Court's Order to Show Cause entered on October 20, 2014

(Doc. No. 18). (Doc. No. 20). Additionally, the Court reiterated its earlier warning to Plaintiff that his failure to timely respond or failure to promptly file appropriate motions may result in dismissal of its Complaint against Defendant for failure to prosecute. Id.

Now, as of the date of this Order, the deadline for Plaintiff to respond to the Court's Order to Show Cause (Doc. No. 20) has passed and Plaintiff has filed no such response.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Moreover, "a district court possesses the 'inherent power' to dismiss a case *sua sponte* for failure to prosecute … . [S]uch authority derives from 'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Eriline Co., S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006) (quoting Link v. Wabash R. R. Co., 370 U.S. 626, 630-31 (1962)). Apparently abandoning his case, not only has Plaintiff failed to file a motion for summary judgment, but he has also failed to timely respond to the Court's November 7, 2014 Order.

Recognizing that dismissal under Rule 41(b) is a harsh sanction and not to be invoked lightly, McGargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976), the Court finds that such dismissal is warranted in the present case. Consistent with well-established Fourth Circuit precedent, the Court has considered the following factors in its decision: (i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

First, while recognizing that Plaintiff is apparently proceeding *pro se*, the Court finds that the degree of Plaintiff's personal responsibility remains great. Initially, at the time Plaintiff filed his Complaint, Plaintiff was represented by counsel. Upon his counsel's repeated failures to abide by the orders of this Court commanding him to associate local counsel and to file a motion pro hac vice, Plaintiff was instructed to find local counsel and was given additional time to provide the Court with information concerning his failure to timely find such counsel. At the same time, Plaintiff failed to file his motion for summary judgment by the deadline provided by this Court. As the Court has previously cautioned Plaintiff, "[a] party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)." Robinson v. Wix Filtration Corp. LLC, 559, 412 (4th Cir. 2010) (citations omitted). The Court has gone to great lengths to instruct Plaintiff about his responsibilities in proceeding in this case, and Plaintiff has nonetheless failed to carry out these responsibilities and to prosecute the case.

As to the second factor, even recognizing that Defendant handles a great number of cases similar to the present case, Defendant still has an interest in having this matter resolved expeditiously. She has, therefore, been prejudiced by Plaintiff's delay in filing his Motion for Summary Judgment. And, with respect to the third factor, the record clearly reflects Plaintiff's repeated delays in carrying out his responsibilities in this case. Plaintiff has exhibited a pattern of failing to abide by the Court's deadlines and failing to make appropriate filings. Not only has Plaintiff engaged in dilatory conduct, but Plaintiff has failed to prosecute his case. Finally, given Plaintiff's lack of compliance with numerous orders issued by the Court, any lesser sanctions would likely be ineffective. The Fourth Circuit has held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. Ballard, 882

F.2d at 95-96. Consequently, noting the Court's repeated warnings to Plaintiff concerning his failure to appropriately respond to the Court's orders, the Court finds that dismissal is an appropriate sanction for Plaintiff's failure to prosecute and non-compliance with the Court's orders. In sum, after considering the above three factors, and it appearing that no other sanction appears feasible or sufficient, the court finds that dismissal of Plaintiff's Complaint is warranted pursuant to FRCP 41(b).

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's case is DISMISSED WITH PREJUDICE, and the Clerk of Court is respectfully directed to CLOSE THE CASE.

IT IS SO ORDERED.

Signed: November 21, 2014

Frank D. Whitney
Chief United States District Judge